IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| THOMAS E. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:12-CV-05048-NKL |
| | ) |
| AS AMERICA, INC., d/b/a AMERICAN STANDARD BRANDS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Jamie Smith, as Personal Representative of the estate of Plaintiff Thomas Smith, deceased, moves to be substituted as the plaintiff in this case. [Doc. # 99]. Defendant AS America, Inc., d/b/a American Standard Brands, generally agrees that Plaintiff's claims under the Family and Medical Leave Act ("FMLA") survive his death and that Jamie Smith is the appropriate substitute party. However, Defendant argues that Plaintiff's claim for liquidated damages extinguished on his death and cannot be maintained by Ms. Smith.

The parties agree that federal common law governs the survivability of Plaintiff's claim for liquidated damages under the FMLA and that, as a result, the claim does not survive if such an award is punitive in nature. *See Earvin v. Warner-Jenkinson Co.*, No. 4:94 CV 977 DDN, 1995 WL 137437, at *1-2 (E.D. Mo. Mar. 10, 1995). Consequently,

1

the sole issue in dispute is whether the liquidated damages available under the FMLA are penal or compensatory in nature.

In a footnote in a case that did not consider the survivability of liquidated damages in FMLA cases, the Eighth Circuit stated "that liquidated damages like those available in FMLA actions are punitive in nature." *Dollar v. Smithway Motor Xpress, Inc.*, 710 F.3d 798, 811 n.4 (8th Cir. 2013) (citing *Newhouse v. McCormick & Co., Inc.*, 110 F.3d 635, 643 (8th Cir. 1997) ("[L]iquidated damages are punitive in nature under the ADEA [Age Discrimination in Employment Act].")). The issue in *Dollar* was the appropriateness of an award of front pay, with respect to which "[s]ome courts view the grant or denial of punitive damages to be material." *Id.* The court ruled, however, that per its prior holdings, "the grant or denial of punitive damages should not be an overly important consideration in front pay determinations." *Id.* Ultimately, it does not appear that the liquidated damage award played any meaningful part in the court's decision regarding the award of front pay. *See id.* at 809-11.

Plaintiff argues that the *Dollar* court's statement concerning the penal nature of liquidated damages under the FMLA is dicta, and therefore not precedential, and that the *Dollar* court erred in analogizing the FMLA to the ADEA, as opposed to the Fair Labor Standards Act ("FLSA"). To recover liquidated damages under the ADEA, the plaintiff must establish that the defendant's violation of the ADEA was "willful." *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125 (1985); *Brown v. Stites Concrete, Inc.*, 994 F.2d 553, 558 (8th Cir. 1993). By contrast, liquidated damages under the FMLA are initially mandatory, subject only to rebuttal by the defendant. Specifically, the

2

FMLA provides that an employer "shall be liable . . . [for] an additional amount as liquidated damages equal to the sum of the amount" of the other damages and interest awarded, unless the employer can establish a good faith defense. 29 U.S.C. § 2617(a)(1)(A)(iii); *see also Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 868 (8th Cir. 2006). An employer's good faith creates "an exception to this otherwise mandatory call for liquidated damages," with respect to which the defendant bears the burden of proof. *Hite*, 446 F.3d at 868 (quotation omitted). In this respect, the remedial provisions of the FMLA are identical to those of the FLSA, which likewise provide for a mandatory award of liquidated damages, subject only to an exception where the employer acted in good faith. *See* 29 U.S.C. §§ 216 (b), 260; *see also Hite*, 446 F.3d at 868 (citing cases interpreting the FLSA's liquidated damage provisions in applying the virtually identical language of the FMLA).

The Supreme Court has held that the willfulness component of the ADEA distinguishes its liquidated damage provision from that of the FLSA. *Thurston*, 469 U.S. at 125. The Court has further ruled that liquidated damages under the ADEA are punitive in nature, *id.*, while the liquidated damages available under the FLSA are not, *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) ("We have previously held that the liquidated damage provision [of the FLSA] is not penal in its nature . . . ." (citing *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583 (1942)[1]); *see also Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 941 (8th Cir. 2008) ("Liquidated damages are

---

[1] *Missel* was superseded in part by the enactment of the Portal-to-Portal Act of 1947, which created the good faith defense to an award of punitive damages under the FLSA. *See Thurston*, 469 U.S. at 128 n.22.

3

not considered punitive, but are intended in part to compensate employees for the delay in payment of wages owed under the FLSA." (quotation omitted)).

With respect to the FMLA specifically, the Tenth Circuit, relying heavily on the legislative history and case law of the FLSA due to the "similarity of the damage provisions" in both language and purpose, has held that liquidated damages under the FMLA are likewise not penal, but rather intended to provide compensation for the delay in the payment of wages owed. *Jordan v. U.S. Postal Serv.*, 379 F.3d 1196, 1201-02 (10th Cir. 2004); *see also* S. Rep. No. 103-3, at 35 (1993) ("[The FMLA]'s enforcement scheme is modeled on the enforcement scheme of the FLSA, . . . . The relief provided in FMLA also parallels the provisions of the FLSA."). In cases predating *Dollar*, district courts in the Eighth Circuit consistently reached the same conclusion based on the same reasoning. *See Thorson v. Geminin, Inc.*, 96 F. Supp. 2d 882, 890-91 (N.D. Iowa 1999), ("The remedies provisions of the [FMLA] were intended by Congress to mirror those of the [FLSA]. It is therefore appropriate to rely on cases interpreting the liquidated damages remedy of the FLSA when interpreting the FMLA. . . . Liquidated damages are considered compensatory rather than punitive in nature."), *aff'd*, *Thorson v. Gemini, Inc.*, 205 F.3d 370 (8th Cir. 2000); *see also Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999MLM, 2011 WL 1930706, at *5 (E.D. Mo. May 18, 2011), *aff'd*, 688 F.3d 958 (8th Cir. 2012); *Hansen v. McLeod USA Pub. Co.*, No. CIV. 03-4087-KES, 2006 WL 978705, at *12 (D.S.D. Apr. 12, 2006).

Based on the foregoing, the Court finds that the liquidated damage provision of the FMLA is compensatory, not punitive, in nature. The statement seemingly to the contrary

4

in *Dollar* was not necessary to the decision in that case and, therefore, is not precedential. *See Passmore v. Astrue*, 533 F.3d 658, 661 (8th Cir. 2008) ("Dicta is [a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential[.]" (quotation omitted)). Considering the persuasive authority discussed above and the legislative history of the FMLA, it is apparent that the liquidated damage provision of the FMLA should be interpreted in the same manner as its counterpart in the FLSA. As both of these provisions have consistently been characterized as remedial, rather than punitive, Plaintiff's claim for liquidated damages survives and may be maintained by Jamie Smith.

For the reasons set forth above, Jamie Smith's motion to be substituted as the plaintiff in this case, [Doc. # 99], is GRANTED.

/s Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: July 7, 2014  
Jefferson City, Missouri