# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JAMIE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-CV-05048-NKL |
| ) | |
| AS AMERICA, INC., d/b/a AMERICAN ) | |
| STANDARD BRANDS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Defendant brings a motion for partial summary judgment, Doc. 104, to cap Plaintiff's allowable damages based on the value of Plaintiff's claim as represented during a probate proceeding. For the reasons set out below, the Court denies Defendant's motion.

### I.  Undisputed Facts

In 2012, Thomas Smith initiated this lawsuit against Defendant AS America alleging violations of the Family and Medical Leave Act. Doc. 1. On March 3, 2014, Thomas Smith passed away. Doc. 104; Doc. 107. Thereafter, Plaintiff Jamie Smith, Thomas Smith's widow, filed an Application for Letters of Administration with the probate court in Vernon County, Missouri. Doc. 104-1. In the Application for Letters of Administration, Plaintiff attested that Mr. Smith has no real property and that the only personal property Mr. Smith had is this lawsuit against Defendant. *Id.* Plaintiff attested

1

that Mr. Smith's claim in this case has a total value of $41,000. *Id.* The probate court subsequently appointed Plaintiff as Mr. Smith's personal representative. Doc. 104-2. The probate court then published the Notice of the Letters of Administration on April 22, 2014, in *The Nevada Daily Mail* to put Mr. Smith's creditors on notice. Doc. 104-3. On July 7, 2014, this Court granted Plaintiff's Motion to Substitute Party, substituting Plaintiff for Mr. Smith. Doc. 103.

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is inappropriate here because Defendant is not entitled to summary judgment as a matter of law.

Defendant argues that based on Plaintiff's representation to the probate court that her claim has a value of $41,000, Plaintiff should now be judicially estopped from recovering any more than the value represented at the prior proceeding. The nature of Plaintiff's representation, however, was not such that her recovery should be limited.

The reason for Plaintiff's representation is apparent upon a cursory review of Missouri probate law. The Missouri Probate Code sets out special procedures for the administration of "small estates," defined as those estates valued at $40,000 or less. § 473.097, R.S.Mo. The sole asset of Mr. Smith's estate is this lawsuit against Defendant. Doc. 107-1. As the true value of Mr. Smith's claim will not be ascertainable until the
2

conclusion of this lawsuit, Plaintiff's attorney in the probate proceeding "listed the 'probable value' of the claim as $41,000 . . . in order to clarify that the special procedure for 'small estates' did not apply, and that the Court should proceed to issue Letters of Administration and appoint a Personal Representative." *Id.*

The Eighth Circuit has outlined a three factor test for determining when judicial estoppel is appropriate:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading the court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006). In this case, there is no risk of inconsistent court decisions and no evidence that Plaintiff would derive an unfair advantage or impose an unfair detriment on Defendant by being allowed to recover the full value of her claim.

Defendant argues that Plaintiff may have benefitted from her representation by diminishing the statutorily mandated attorneys' fees that Plaintiff must pay or by discouraging creditors from filing claims against Mr. Smith's estate.

Defendant's first argument is incorrect. The statutorily mandated fees are based on "the value of the personal property administered and of the proceeds of all real property sold under order of the probate court." § 473.153, R.S.Mo. This value is not

determinable until after estate administration is complete, which will not occur until after this lawsuit concludes and Mr. Smith's creditors are paid off. Furthermore, the representation of the value of this lawsuit was made to the probate court in part by Plaintiff's attorney, the person who would be harmed most by an undervaluation of Plaintiff's claim if that valuation determined attorney fees.

Defendant's second argument is also unpersuasive, as Defendant "has presented no evidence to support the existence of such creditors." *Young v. Time Warner Cable Capital, L.P.*, 2006 WL 2927569, at *5 (W.D. Mo. 2006). In the absence of identifiable creditors who opted not to file claims against Mr. Smith's estate based on Plaintiff's valuation of this lawsuit, the Court will not speculate about an unfair advantage Plaintiff may have derived by avoiding such creditors. *See id.*

Given the nature of Plaintiff's representation, the integrity of the Court is not compromised by allowing Plaintiff to fully litigate the value of her claim. Furthermore, Defendant is not prejudiced by allowing Plaintiff to prove the estate's actual damages. As such, judicial estoppel is inappropriate in this case.

### III. Conclusion

For the reasons set forth above, Defendant's partial Motion for Summary Judgment is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: September 16, 2014
Jefferson City, Missouri

4