# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

**ORDER**

| | |
|---|---|
| JAMIE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:12-CV-05048-NKL |
| | ) |
| AS AMERICA, INC., d/b/a AMERICAN STANDARD BRANDS, | ) |
| | ) |
| Defendant. | ) |

Pending before the Court are Plaintiff's motion for attorneys' fees and expenses, Doc. 148, and motion to alter judgment, Doc. 152, as well as Defendant's motion to stay, Doc. 154. Defendant's motion to stay is denied. Plaintiff's motion to alter judgment and motion for attorneys' fees and expenses are granted in part and denied in part.

**I.  Background**

On January 9, 2015, the Court entered its findings of fact and conclusions of law regarding Plaintiff Jamie Smith's Family and Medical Leave Act ("FMLA") claim. [Doc. 144]. The Court concluded based on the evidence presented at trial that Defendant American Standard violated the FMLA when it terminated Mr. Smith's employment, and that Ms. Smith was entitled to damages from February 8, 2011 through July 20, 2011. After that date, her damages were cut off due to the after-acquired evidence doctrine. In

1

total, Ms. Smith recovered $27,731.68, plus statutory interest. On January 22, 2015, American Standard filed its notice of appeal. [Doc. 146]. Since then, three post judgment motions have been filed by the parties.[1]

## II. Discussion

### A. Motion to Alter Judgment

Ms. Smith argues that the Court's judgment is insufficient in three respects. First, she argues that the Court should alter its factual finding that Mr. Smith was incarcerated on the night of July 19, 2011. Second, Ms. Smith seeks clarification of the Court's findings about the letters of administration issued by the probate court handling Mr. Smith's estate. Finally, Ms. Smith requests an award of pre-judgment interest.

Motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quotation omitted). "A Rule 59(e) motion to alter or amend the judgment must show: '1) an intervening change in controlling law; 2) the availability of

---

[1] The Court's ability to dispose of these post judgment motions is not inhibited by the pending Eighth Circuit appeal. Fed. R. App. P. 4(b)(i) ("If a party files a notice of appeal after the court announces or enters a judgment–but before it disposes of any motion listed in Rule 4(a)(4)(A)–the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."). *See also* Fed. R. App. P. 4(a)(4) cmt. (1993) ("The amendment provides that a notice of appeal filed before the disposition of a specified posttrial motion will become effective upon disposition of the motion. A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.").

new evidence not available previously; or 3) the need to correct a clear error of law to prevent injustice.'" *Hutchins v. Southwestern Bell Telephone Co., Inc.*, 2013 WL 6662541, at *1 (E.D. Mo. Dec. 17, 2013).

Ms. Smith argues that the Court's conclusion that Mr. Smith was released from jail on July 20, 2011, is not supported by the record. The Court declines to alter this factual finding. In determining that Mr. Smith was released from jail on July 20, the Court found as follows:

> In light of the court records[3] which show Mr. Smith posted bond on July 20, 2011, the weight of the evidence supports the conclusion that Mr. Smith remained in jail the night of July 19 and would therefore have incurred his eighth attendance point for missing his July 20 shift resulting in his termination by American Standard. While Plaintiff presented evidence that Mr. Smith acquired the money for bond on July 19 and was released on July 19, a contemporaneously prepared court record is entitled to more weight than Ms. Smith's memory of the event, particularly in light of the very technical nature of the information, making it less likely to be accurately remembered years later.

[Doc. 144, p. 18]. At trial, the parties agreed to stipulate that while the court records regarding Mr. Smith's incarceration and release would not be admitted into evidence, "Plaintiff Jamie Smith's testimony relating to the dates of Mr. Smith's incarceration in July of 2011 is admissible." [Doc. 153-1, p. 35]. Ms. Smith testified at trial that the unadmitted court records contained the statement "surety bond posted on July 20, 2011." [Doc. 153-1, p. 21]. She went on to concede that outside of the court papers, she did not recall having any independent knowledge of the date on which her husband was released from jail. [Doc. 153-1, p. 22]. Based on this testimony, the Court concluded that Ms. Smith's statements regarding the content of the unadmitted court records were entitled to

more weight than her admittedly imperfect recollection of the date on which her husband was released from jail. The Court's factual finding regarding the date of Mr. Smith's release is supported by the record and will not be revisited.

Ms. Smith next requests the Court to revise its findings of facts regarding actions by the probate judge who administered Mr. Smith's estate. Specifically, Ms. Smith seeks revision of the following sentence: "Based on Ms. Smith's sworn affidavit valuing Mr. Smith's estate at $41,000, the Probate Court granted Ms. Smith's application for Letters of Administration on April 21, 2014, and allowed Ms. Smith to serve as Mr. Smith's personal representative." [Doc. 144, p. 6]. To ensure there is no confusion, the Court strikes the phrase "Based on Ms. Smith's sworn affidavit valuing Mr. Smith's estate at $41,000." The Court has no basis for knowing what the probate court relied on when it named Ms. Smith the personal representative of Mr. Smith's estate and did not intend to imply it did.

Ms. Smith also requests an award of pre-judgment interest. American Standard argues that Ms. Smith waived her claim for pre-judgment interest by failing to assert it prior to the Court entering its judgment. However, prior courts have sometimes agreed to evaluate plaintiffs' entitlement to pre-judgment interest even when the issue was not raised until after final judgment was rendered in the case. *See Marez v. Saint-Gobain Containers, Inc.*, 2011 WL 1930706, at *7 (E.D. Mo. May 18, 2011) (awarding the plaintiff pre-judgment interest in a post-trial motion); *Hite v. Vermeer Mfg. Co.*, 361 F.Supp.2d 935, 948-49 (S.D. Iowa 2005). While Ms. Smith's request for pre-judgment interest here is delayed, American Standard will not suffer undue prejudice by the Court

4

allowing Ms. Smith to proceed with her request. As such, the Court concludes that she is entitled to an award of pre-judgment interest in the amount of $258.50.[2] 29 U.S.C. § 2617(a)(1)(A)(ii).

### B. Motion to Stay

American Standard requests that the Court postpone ruling on Plaintiff's motion for attorneys' fees and expenses until after the Eighth Circuit rules on American Standard's appeal of the Court's judgment. Despite the pending appeal, "[a] 'district court retains jurisdiction over collateral matters, such as attorney's fees . . . , while an appeal is pending." *Barrett v. Claycomb*, 2013 WL 6920860, at *1 (W.D. Mo. Dec. 9, 2013) (quotation omitted). In order to reach a full resolution of this case and avert the possibility of a second appeal relating solely to the Court's decision regarding attorneys' fees in this matter, the Court denies American Standard's motion to stay.

### C. Motion for Attorneys' Fees and Expenses

The FMLA allows a prevailing plaintiff to recover "a reasonable attorney's fee, reasonable expert witness fees and other costs of the action" from the defendant. 29 U.S.C. § 2617(a)(3). Pursuant to this statute, Ms. Smith requests attorneys' fees, expenses and costs in the amount of $161,625.66.

---

[2] As American Standard did not contest Ms. Smith's pre-judgment interest calculations, the Court relied on Ms. Smith's calculations of the pre-judgment interest due for each month of Mr. Smith's salary presented at Doc. 153-4. Based on this chart, Ms. Smith is due $129.25 for Mr. Smith's wages being withheld from February 2011 through July 2011. She is due an equal amount in liquidated damages. 29 U.S.C. § 2617(a)(1)(A)(iii).

5

### 1. Limits on Recovery

American Standard first argues that Ms. Smith is not entitled to attorneys' fees because she did not disclose the amount of the fees in her response to a discovery request. While Ms. Smith did not produce her attorney's bills or quantify the attorneys' fees being sought, she consistently informed American Standard that part of the damages she was requesting was attorneys' fees. In light of that notice, American Standard has failed to show how it was prejudiced by not being told the amount of the fees being requested before judgment on the merits. Further, American Standard never requested a telephone conference to compel disclosure by Ms. Smith, nor did it file a motion to compel. Even at trial, the issue was not raised by American Standard. American Standard's failure to seek the information it knew it did not have is further evidence that American Standard is not prejudiced by not knowing the actual amount of attorney fees being sought prior to judgment. Finally, requiring such disclosure before judgment necessarily raises concerns about the attorney client privilege and the work product privilege. It would be rare, if ever, that such information would be ordered disclosed. For the foregoing reasons, the Court rejects American Standard's argument that Ms. Smith forfeited her right to seek attorneys' fees because the amount to be claimed was not disclosed during discovery.

Ms. Smith's recovery is also not limited based on her statement to the probate court that Mr. Smith's estate was worth $41,000. As discussed previously in the Court's order denying American Standard's motion for partial summary judgment, judicial estoppel is not appropriate here. Ms. Smith's statement had no prejudicial effect on American Standard's ability to defend itself in this case, nor has American Standard

6

shown that it has any interest in Mr. Smith's estate. While American Standard suggests that the integrity of the probate process was undermined, it presents no evidence that this occurred. It is not even clear that there is an inconsistency between Ms. Smith's statement in the probate court and the judgment here. The damages actually recovered by Ms. Smith are less than $41,000. Even if attorneys' fees are technically payable to Mr. Smith's estate, they would be subject to a lien that would prevent any creditor from benefitting from an award of attorneys' fees here. To include them in a valuation of the estate makes no sense. Finally, estimating the value of a lawsuit before judgment is a speculative process and is based on circumstances as they exist at the time of the valuation, not on what eventually happens. The valuation figure cannot just reflect what is being sought in the lawsuit because it must also reflect the risk of getting nothing. It would not be equitable to cap damages just because the risks were largely resolved in favor of Ms. Smith. Moreover, American Standard has not shown how the probate court proceedings would have been different had Ms. Smith used another valuation; nor has it presented evidence that anyone was misled as a result of the valuation. Therefore, Ms. Smith's request for attorneys' fees is not capped at $13,268.32 as argued by American Standard.

> 2. **Costs**

Federal Rule of Civil Procedure 54 governs awards of costs to prevailing parties. Fed. R. Civ. P. 54(d)(1). The Court may only award such costs as are enumerated in 28 U.S.C. § 1920 or "some other statutory authorization." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006); *see also W. Virginia Univ. Hospitals, Inc. v.*

*Casey*, 499 U.S. 83, 86 (1991). Taxable costs that may be shifted under § 1920 include: fees of the clerk and marshal; fees for transcripts necessarily obtained for use in the case; fees for printing and witnesses; costs of copying where copies are necessarily obtained for use in the case; docket fees; and compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. Ms. Smith has submitted documentation of taxable costs totaling $2,976.21.[3] [Doc. 149-5]. The Court finds that these taxable costs are reasonable and supported by sufficient documentation, and are properly shifted to American Standard under § 1920.

### 3. Attorneys' Fees

Ms. Smith requests $153,112.50 in attorneys' fees for her work in this lawsuit. This amount includes $135,487.50 in non-travel time compensation and $17,625 in travel

---

[3] American Standard also filed Objections to Plaintiff's Bill of Costs, arguing that her documentation of the costs and expenses incurred in this lawsuit is insufficient and justifies a diminished award. [Doc. 155]. Ms. Smith's failure to itemize each deposition transcript separately and attach invoices or receipts for each individual transaction does not necessitate a diminished award of costs or expenses. Ms. Smith's attorney documented the amount expended on each of these transactions in the course of representing Ms. Smith. *C.f. American Guarantee & Liability ins. Co. v. U.S. Fidelity & Guar. Co.*, 2010 WL , at *2-3 (E.D. Mo. May 10, 2010) (reducing recoverable costs where "the evidence submitted [was] insufficient to determine which costs [were] taxable and which [were] not," rather than addressing nontaxable costs and expenses). American Standard does not argue that the prices charged for these items were excessive or exceeded the market rate. As such, the Court declines to impose additional unnecessary administrative duties on Plaintiff's counsel to justify her accounting of reasonable costs and expenses. American Standard further argues that the costs incurred to obtain deposition transcripts not utilized at trial were not reasonably necessary. The Court will not penalize Ms. Smith for obtaining transcripts presumably utilized in preparation for trial simply because Plaintiff's counsel made a strategic decision not to introduce portions of these depositions at trial.

time compensation. Ms. Smith's attorney billed both travel and non-travel time at $375 per hour. Ms. Smith also requests $5,536.95 in expenses.

Attorneys' fees are generally assessed based on the "number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433-34 (1983). Awards of fees should not be so substantial that they "produce windfalls to attorneys." *City of Riverside v. Rivera*, 477 US 561, 580 (1986) (quotation omitted). However, the amount of fees awarded need not necessarily be proportionate to the damages recovered by the plaintiff. *Id.*; *see also Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 772-73 (8th Cir. 2000) (noting that the quantity of attorneys' fees awarded does not necessarily depend on the quantity of damages recovered by the plaintiff). The court instead should inquire as to the reasonableness of the quantity of fees requested.

Here, Ms. Smith was successful regarding all major claims in her FMLA action. *See* [Doc. 144, p. 15] ("American Standard should have concluded that Mr. Smith's February absences resulted either from a period of incapacity, or a flare-up of a chronic condition."). She was also successful in recovering liquidated damages. *Id.* Though these damages were limited due to the after-acquired evidence doctrine, the Court cannot say that Ms. Smith's attorney was unreasonable in vigorously pursuing the FMLA claim despite the damages limitation ultimately imposed by the Court. In determining whether the after-acquired evidence doctrine limited Ms. Smith's recovery, the Court was forced to weigh Ms. Smith's memory against her testimony about unadmitted court records. It was not clear that Ms. Smith's recovery would be limited until the Court weighed the

9

Case 3:12-cv-05048-NKL   Document 166   Filed 03/19/15   Page 9 of 12

evidence at trial.  As such, the attorneys' fees award is not limited due to the Court's decision that the after-acquired evidence doctrine limited Ms. Smith's damages.  Further, there is nothing about the prosecution of this case that suggests that Ms. Smith should have accepted American Standard's version of the evidence and not diligently pursued her deceased husband's claims.

Though American Standard argues that the number of hours expended by plaintiff's counsel in this case was unreasonable, it does not contest the reasonability of counsel's hourly rate or the rate assessed for travel time.  Plaintiff's counsel states that she spent 361.5 hours working on this case and 47 hours traveling in relation to it from August 2011 through January 2015.  Given the duration of this case and issues involved, the number of hours worked by counsel was not unreasonable.  Ms. Smith is entitled to recover $153,112.50 in attorneys' fees.

Ms. Smith is also entitled to recover for reasonable expenses her attorney incurred in pursuing this lawsuit.  Defendant contends that these expenses constitute "costs" that fall outside the purview of 28 U.S.C. § 1920, making them unrecoverable.  However, courts have consistently recognized that reasonable out-of-pocket expenses of the kind normally charged to clients may be shifted to defendants under fee-shifting statutes. *Sturgill v. United Parcel Serv., Inc.*, 512 F.3d 1024, 1036 (8th Cir. 2008); *see also Owner-Operator Indep. Drivers Ass'n v. Ledar Transp.*, 2009 WL 2170086 at *2 (W.D. Mo. July 20, 2009) (holding that the Truth in Leasing regulations did not provide for shifting of costs, and so plaintiffs were limited to recovering costs permitted under §

1920). In other words, these expenses are recoverable as part of an award of attorneys' fees, not as an award of costs.

The FMLA permits a court in its discretion to award attorneys' fees to either party. 29 U.S.C. § 2617(a)(3); *Marez v. Saint-Gobain Containers, Inc.*, 2011 WL 1930706, at *11 (E.D. Mo. May 18, 2011). Reasonable out-of-pocket expenses incurred by the attorney in the course of representation may include costs of attorney travel, computerized research, court reporters, phone and fax, air couriers, postage, mediation, and class notification. *See In re BankAmerica Corp. Sec. Litig.*, 228 F. Supp. 2d 1061, 1066 (E.D. Mo. 2002) *aff'd*, 350 F.3d 747 (8th Cir. 2003); *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988); *but see Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001) (denying reimbursement for overhead, including postage expenses, time spent preparing itemized billing statements, and copies where the purpose was not clearly marked; approving telephone expenses and reasonable document copy expenses).

Ms. Smith has submitted affidavits and expense statements reflecting expenses in the amount of $5,536.95. [Doc. 149-5]. These expenses include $2,901.55 in travel expenses, $40 in process service fees, $32.04 in postage expenses, $382.36 in facilities rentals, $500 for a mediator, and $1,681 in attorneys' fees associated with the disposition of Mr. Smith's probate estate. Ms. Smith is entitled to recover these expenses, other than the $1,681 in attorneys' fees incurred disposing of Mr. Smith's estate. These probate fees are not "out-of-pocket expenses of the kind normally charged to clients by attorneys" in pursuit of an FMLA action. *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996). While these fees were necessarily incurred in order to substitute Ms. Smith as plaintiff in

this action, they were the result of extenuating circumstances beyond the scope of the FMLA action. The Court declines to speculate about whether Ms. Smith would have incurred these costs in the absence of this lawsuit. Regardless of the underlying cause of the expenditures in this case, probate fees are not normally charged to clients by attorneys pursuing FMLA actions. Ms. Smith is entitled to recover $3,855.95 in reasonable expenses.

### III. Conclusion

For the reasons set forth above, Defendant's motion to stay is denied. Plaintiff's motion to alter judgment and motion for attorneys' fees and expenses are granted in part and denied in part. Ms. Smith is entitled to $258.50 in prejudgment interest, and $159,944.66 in attorneys' fees and costs.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: March 19, 2015  
Jefferson City, Missouri