# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION


## ORDER

JAMIE SMITH,                          )
                                      )
            Plaintiff,                )
                                      )
     v.                               )     No. 3:12-CV-05048-NKL
                                      )
AS AMERICA, INC., d/b/a AMERICAN      )
STANDARD BRANDS,                      )
                                      )
            Defendant.                )
                                      )


Pending before the Court is Defendant's motion to reconsider, or, in the alternative, motion to amend the Court's order, Doc. 170. Defendant's motion is denied.

## I.    Background

On January 9, 2015, the Court entered its findings of fact and conclusions of law regarding Plaintiff Jamie Smith's Family and Medical Leave Act ("FMLA") claim. [Doc. 144]. The Court concluded based on the evidence presented at trial that Defendant American Standard violated the FMLA when it terminated Mr. Smith's employment, and that Ms. Smith was entitled to damages from February 8, 2011 through July 20, 2011. After that date, her damages were cut off due to the after-acquired evidence doctrine. In total, Ms. Smith recovered $27,731.68, plus statutory interest.

1

In the month following the trial, parties filed three post-trial motions, including motions to alter judgment and for attorney's fees and expenses filed by Ms. Smith. [Docs. 148, 152]. Ms. Smith's motions were granted in part and denied in part. [Doc. 166]. Defendant's motion to reconsider now before the Court requests that the Court amend its order regarding Ms. Smith's post-trial motions. Specifically, Defendant contends that the Court erred in its award of attorney's fees and expenses, award of pre-judgment interest to Ms. Smith, and decision to amend its Findings of Fact and Conclusions of Law concerning the findings of the probate court.

## II. Discussion

### A. Attorney's Fees and Expenses

The Court awarded Ms. Smith $2,976.21 in taxable costs of the action pursuant to 28 U.S.C. § 1920. [Doc. 166, p. 8]. The Court also awarded Ms. Smith $153,112.50 in attorney's fees pursuant to the FMLA fee shifting statute, 29 U.S.C. § 2617(a)(3). Finally, the Court concluded that Ms. Smith was entitled to recover $3,855.95 in reasonable expenses incurred while pursuing this lawsuit. *Citing Sturgill v. United Parcel Serv., Inc.*, 512 F.3d 1024, 1036 (8th Cir. 2008); *In re BankAmerica Corp. Sec. Litig.*, 228 F. Supp. 2d 1061, 1066 (E.D. Mo. 2002).

#### 1. Plaintiff's Failure to Disclose Attorney's Fees in Discovery

Defendant first argues as it did in its suggestions in opposition to Ms. Smith's motion for attorney's fees that Ms. Smith is prohibited from recovering attorney's fees because she did not disclose the amount of fees she planned to request prior to trial in accordance with Federal Rule of Civil Procedure 26(a), which requires that a party

voluntarily provide a computation of each category of damages. Fed. R. Civ. P. 26(a)(1)(A)(iii). Defendant also states that it asked Ms. Smith to describe all economic damages in an interrogatory. In response to Defendant's interrogatory, Ms. Smith replied that attorney's fees and expenses would be claimed in the action, but "[t]hese amounts are unknown at this time." [Doc. 157-2, p. 4]. Ms. Smith did not supplement her disclosure.

Ms. Smith argues that she is not barred from presenting evidence of the attorney's fees incurred in this action because her failure to supply Defendant this information during the discovery period was substantially justified, as the computation information would have included privileged information, and harmless, as the details about the fees were not relevant to the issues presented at trial. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . unless the failure was substantially justified or harmless.").

As noted in the Court's prior order, Defendant has failed to show how it was prejudiced by Ms. Smith's failure to make a pre-trial disclosure regarding the amount of attorney's fees to be requested in the action. This information had nothing to do with the merits of Ms. Smith's lawsuit. Therefore, it was irrelevant to the trial proceedings. The only relevance the information concerning attorney's fees had to this proceeding prior to Ms. Smith's motion for attorney's fees was, ideally, to prompt the parties to reach a settlement. *See Unique Sports Products, Inc. v. Wilson Sporting Goods Co.*, 512 F. Supp. 2d 1318, 1328-29 (N.D. Ga. 2007) ("[A]s a practical matter, providing defendant some information concerning plaintiff's legal fees and litigation expenses will likely assist the

3

parties in reaching a settlement."). In preparation for parties' settlement conference in February 2014, Defendant requested and was provided an estimated amount of Plaintiff's attorney's fees and costs to date. [Doc. 173-1, p. 4]. Defendant requests that the Court now bar Ms. Smith from recovering attorney's fees irrespective of the fact that Defendant had a rough computation of fees and expenses in February 2014 and that "information concerning plaintiff's legal fees and litigation expenses . . . is not ordinarily exchanged during pre-trial discovery." *Unique Sports Products*, 512 F. Supp. 2d at 1328. Such a ruling would require that the Court ignore the actual exchanges between the parties and general course of dealing in the legal profession. Defendant simply was not harmed by Ms. Smith's failure to submit a specific computation of her attorney's fees prior to trial, particularly given that some of this information was available to Defendant prior to trial.

Defendant makes myriad other formalistic arguments about why Ms. Smith should be prohibited from recovering these fees. First, Defendant argues that it is the Plaintiff, not the Defendant, who has the burden to demonstrate that the failure to disclose was harmless. *Citing Seubert v. FFE Transp. Servs.*, 2013 WL 827547, at *1 (E.D. Mo. March 6, 2013). While the offending party generally has the burden to demonstrate that an error was harmless, the facts of this case and common sense make clear that Ms. Smith has met that burden. Defendant does not even attempt to argue that Ms. Smith's failure to disclose harmed it. Instead, Defendant argues that it was under no obligation to file a motion to compel Ms. Smith to produce this information and that the Court's ruling creates an inconsistency as to how the Federal Rules of Civil Procedure were applied to the parties in the case. At trial, the Court prohibited Defendant from presenting evidence

4

on an issue with a witness not identified prior to trial as having information regarding the topic being discussed. The differences between the situation addressed by the Court at trial and Defendant's motion here are clear. First, the prohibited testimony went to the merits of the case, which was at issue at trial and therefore required disclosure prior to trial. Second, in order to avoid surprise testimony and witnesses parties are almost always required to identify the witnesses that will testify as to specific issues prior to trial, particularly when parties are served interrogatories requesting this information. This contrasts starkly with the information Defendant sought regarding attorney's fees, which would nearly always be protected until the merits of the case were resolved.

### 2. Judicial Estoppel Claim

Defendant next argues that Ms. Smith should be barred from recovering any attorney's fees in excess of the $41,000 valuation of Mr. Smith's estate in the probate proceeding following his death. The Court has already addressed this argument twice in written orders and once at trial. [Docs. 112; 155, p. 7-12; 166]. As the Court has repeatedly noted, there is no evidence that the judicial process has been undermined due to the probate valuation and no evidence that Ms. Smith has "derived an unfair advantage or imposed an unfair detriment on the opposing party" due to the low probate valuation of the estate. *Hutterville Hutterian Brethren, Inc. v. Sveen*, 776 F.3d 547, 557 (8th Cir. 2015). Defendant has raised no new issues regarding judicial estoppel in its motion for reconsideration.[1] Therefore, the Court will not rehash its prior decisions here.

---

[1] Defendant contends that the Court erred in its judicial estoppel analysis by requiring that Defendant show prejudice or prove that the probate proceeding would have been

### 3. Legal Limitations on Fees and Costs Award

Defendant's argument that the Court's order awarding Ms. Smith out-of-pocket expenses and costs is contrary to law ignores the Court's analysis in its prior order. Defendant is correct that costs of travel, mediation fees, costs of depositions not used at trial, and private process server fees are not awardable under 28 U.S.C. § 1920. However, the Court did not award these fees and expenses to Ms. Smith pursuant to the statute. In fact, the Court explicitly stated that "these expenses are recoverable as part of an award of attorneys' fees, not as an award of costs." [Doc. 166, p. 11]. The FMLA provides that a prevailing plaintiff may recover "a reasonable attorney's fee, reasonable expert witness fees, *and other costs of the action.*" 29 U.S.C. § 2617(a)(3) (emphasis added). Courts have construed similar statutes to allow awards of expenses of the type requested by Ms. Smith. *See Sturgill v. United Parcel Service, Inc.*, 512 F.3d 1024, 1036 (8th Cir. 2008) (allowing an award of expenses under Title VII of the Civil Rights Act of 1964, which allowed prevailing parties to recover "a reasonable attorney's fee . . . as part of the costs" (quotation omitted)). Ms. Smith may therefore recover these expenses as costs of the action under 29 U.S.C. § 2617(a)(3).

Defendant also argues that Ms. Smith's fee recovery should be limited because the quantity of hours spent litigating this case was unreasonable. Contrary to Defendant's

---

different or that someone was misled. The precedent cited by Defendant in its motion follows the Court's analysis, requiring a factor analysis of whether the party's position is clearly inconsistent with its prior position, whether the party succeeded in persuading a court to accept the party's earlier position, and whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party. *Hutterville*, 776 F.3d at 557.

Case 3:12-cv-05048-NKL   Document 175   Filed 05/12/15   Page 6 of 9

arguments, the Supreme Court has concluded that there is "no evidence that Congress intended that, in order to avoid 'windfalls to attorneys,' attorney's fees must be proportionate to the amount of damages . . . ." *City of Riverside v. Rivera*, 477 U.S. 561, 580 (1986). The cases cited by Defendant reiterate this rule: attorney's fees should be awarded not based on the quantity of damages recovered, but based on a party's success in litigation. *Gumbhir v. Curators of University of Missouri*, 157 F.3d 1141, 1147 (8th Cir. 1998) ("'[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained.'" (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992))).

As discussed in the Court's prior order, the Court's award of attorney's fees does not result in a windfall to Ms. Smith's attorney because Ms. Smith was successful regarding all major claims in her FMLA action and successfully recovered liquidated damages. The application of the after-acquired evidence doctrine to limit Ms. Smith's damages does not prevent Ms. Smith's attorney from being compensated for her time spent successfully litigating this matter.

### B. Amendment of Original Judgment

#### 1. Award of Pre-judgment Interest

Defendant contends that the Court should not have awarded Ms. Smith pre-judgment interest because the issue was raised for the first time in her post-trial Rule 59(e) motion. Defendant cites no binding precedent to support its contention that the Court's decision to grant Ms. Smith's request for pre-judgment interest was a clear error of law. District Courts have "broad discretion in determining whether to grant or deny a

7

motion to alter or amend judgment pursuant to Rule 59(e)." *U.S. v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Moreover, the Court concluded that Ms. Smith was entitled to an award of pre-judgment interest under the FMLA, which directs that "[a]ny employer who violates section 2615 of this title shall be liable to any eligible employee affected . . . for damages [including] . . . the interest on the amount described in clause (i) calculated at the prevailing rate." 29 U.S.C. § 2617(a)(1)(A)(ii). This award was not premised on a new legal theory put forth by Ms. Smith, but on the statutory damages formula for FMLA violations. Therefore, the award comports with Rule 59(e) and will not be disturbed.

### 2. Amendment of Probate Court Finding

Lastly, Defendant argues that the Court erred in amending its factual finding that "Based on Ms. Smith's sworn affidavit valuing Mr. Smith's estate at $41,000, the Probate Court granted Ms. Smith's application for Letters of Administration on April 21, 2014, and allowed Ms. Smith to serve as Mr. Smith's personal representative" to strike the phrase "Based on Ms. Smith's sworn affidavit valuing Mr. Smith's estate at $41,000." *See* [Doc. 166, p. 4]. The Court amended its finding because it had "no basis for knowing what the probate court relied on when it named Ms. Smith the personal representative of Mr. Smith's estate and did not intend to imply it did." *Id.* As noted above, the Court has broad discretion in deciding whether or not to grant motions to amend the judgment. Here, the Court determined that it was necessary to clarify its statement as it was not privy to the probate court's decision making process. Therefore, the Court will not revert to its original language.

8

## III.  Conclusion

For the reasons set forth above, Defendant's motion for reconsideration is denied.


s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  May 11, 2015
Jefferson City, Missouri